**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| Monica Mejia,<br><br>        Plaintiff,<br><br>vs.<br><br>GMAC Mortgage LLC; Executive Trustee Services LLC,<br><br>        Defendants. | CV 11-01140-PHX-FJM<br><br>**ORDER** |

The court has before it defendants' motion for summary judgment (doc. 26) and separate statement of facts ("DSOF") (doc. 27), plaintiff's response (doc. 32), and defendants' reply (doc. 35). We also have defendants' motion to strike plaintiff's response to the motion (doc. 34). Plaintiff did not respond to the motion to strike and the time for responding has expired.

**I**

When considering a motion for summary judgment we accept undisputed facts as true and review disputed facts in the light most favorable to the non-moving party. Anthoine v. N. Cent. Cntys. Consortium, 605 F.3d 740, 745 (9th Cir. 2010).

On May 21, 2008, plaintiff received a loan of $172,296 to purchase a home in Avondale, Arizona. Plaintiff signed a Note, promising to repay the money. The loan was secured by a Deed of Trust, which was executed by plaintiff and recorded with the Maricopa

1 County Recorder's Office.  Pursuant to the loan and Note, plaintiff was required to make
2 monthly payments to the loan servicer.  GMAC became the holder of plaintiff's Note and
3 servicer of her loan prior to March 2009.  Plaintiff did not make her monthly payments
4 between March 2009 and November 2009.  She was advised of these breaches in writing.
5 A Notice of Trustee Sale was recorded and the sale was scheduled for November 5, 2009.
6 Plaintiff received a notice in July 2009 that her home would be foreclosed on pursuant to the
7 Deed of Trust.

8 Upon plaintiff's request, the Department of Housing and Urban Development
9 ("HUD") agreed to pay plaintiff's past due arrears and cure her default in exchange for a
10 fully executed subordinate mortgage on the home. HUD executed the subordinate mortgage
11 on November 2, 2009 and notified plaintiff that this was complete.  Plaintiff did not execute
12 the subordinate mortgage until November 11, 2009.  In the meantime, plaintiff's home was
13 sold on November 5, 2009 at the trustee sale as planned. On the date of sale, plaintiff owed
14 over $14,000 in arrears.  When GMAC received notice that plaintiff had executed the
15 subordinate mortgage, it submitted a claim with HUD for payment of the arrears.  Once
16 GMAC received notice that the arrears had been paid, GMAC rescinded the foreclosure and
17 reinstated plaintiff's Deed of Trust.

18 Plaintiff did not make her December 1, 2009 loan payment. Beginning on this date,
19 plaintiff's loan was once again in default. A Notice of Trustee's Sale was recorded on April
20 14, 2010, scheduling the sale for July 16, 2010.  Plaintiff received notice of her default and
21 the sale.  This sale was reset to March 2011 due to plaintiff's bankruptcy proceedings.  In
22 March 2011 plaintiff had not made loan payments for over a year, and her home was sold at
23 the trustee's sale as scheduled.

24 Plaintiff filed this action in May 2011 and amended her complaint in July 2011 (doc.
25 13). The amended complaint asserts four claims for relief: (1) wrongful foreclosure; (2) bad
26 faith business practice; (3) negligence; and (4) quiet title.  Defendants move for summary
27 judgment on all claims.

28 **II**

1          Although plaintiff lists nine numbered facts in the body of her response to the motion,
2   she did not include a separate controverting statement of facts or citations to those facts as
3   required by LRCiv 56.1(b) and LRCiv 56.1(e).  Defendants move to strike plaintiff's
4   response in its entirety on this basis, but LRCiv 7.2(m) prohibits a motion to strike under
5   these circumstances.  Instead, we may simply consider any fact asserted by defendants that
6   is not addressed by plaintiff as undisputed for the purposes of this motion.  Fed. R. Civ. P.
7   56(e)(2).  Similarly, any disputed fact that plaintiff does not support with admissible evidence
8   is insufficient to defeat summary judgment.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir.
9   1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory
10  allegations unsupported by factual data.").  Defendants' motion to strike is denied.

**III**

12         Defendants first argue that plaintiff's wrongful foreclosure claim fails as a matter of
13  law because it is not a recognized cause of action in Arizona.  Defendants are correct.
14  Arizona has not recognized wrongful foreclosure as a cause of action, and it is not the federal
15  courts' place to implement a "trailblazing initiative[]" under state law.  Cervantes v.
16  Countrywide Home Loans, Inc., 656 F.3d 1034, 1043 (9th Cir. 2011) (citation omitted).
17  Even if Arizona recognized this cause of action, the undisputed facts show that plaintiff
18  cannot prevail on her wrongful foreclosure claim.  The states that recognize the tort of
19  wrongful foreclosure do so based on claims that a lender foreclosed when there was no
20  default or procedural discrepancies that caused the borrower to incur damages.  Id. at 1043-
21  44.  Plaintiff argues that defendants are liable for wrongful foreclosure because they refused
22  to accept her December 2009 payment, and thus plaintiff was not in breach or default of her
23  mortgage.  Defendants presented evidence that plaintiff's loan was in default beginning
24  December 1, 2009, and that plaintiff's home was sold because of this default.  Plaintiff,
25  however, does not provide any evidence that she attempted to pay her mortgage in December
26  2009 or that her payment was rejected by defendants.  Her allegation that she was not in
27  default, unsupported by any evidence, does not raise a genuine issue of material fact.  Taylor,
28  880 F.2d at 1045.  Thus, even if Arizona recognized wrongful foreclosure as a valid claim,

1  which it does not, plaintiff has not shown that she was either current on her loan payments
2  or that she suffered any damages. <u>See</u> <u>Cervantes</u>, 656 F.3d at 1043-44 (amending complaint
3  to state a claim for wrongful foreclosure would be futile, for even if Arizona recognized this
4  cause of action, plaintiff homeowners were in default and did not allege damages). Summary
5  judgment is granted to defendants on the wrongful foreclosure claim.

6       Next, defendants argue that plaintiff's claim for "bad faith business practice" fails
7  because it is not a recognized tort in Arizona. We agree, and plaintiff does not respond to
8  this argument. Summary judgment is granted to defendants on the bad faith business practice
9  claim.

10       According to defendants, they are entitled to judgment as a matter of law on the
11  negligence claim because it is barred by the economic loss doctrine. In most instances, the
12  doctrine precludes a tort action for economic loss that does not involve physical injury to
13  people or property. <u>Flagstaff Affordable Hous. Ltd. P'ship v. Design Alliance, Inc.</u>, 223 Ariz.
14  320, 323, 223 P.3d 664, 667 (2010). Plaintiff argues that GMAC, as a contractual party to
15  the Note, owed her a duty, which it breached by failing to accept her December 2009
16  payment. Plaintiff has not presented any evidence that she suffered physical injury as the
17  result of the alleged breach of duty. Thus, her negligence claim against GMAC is barred by
18  the economic loss doctrine. <u>See</u> <u>id.</u> Moreover, plaintiff has presented no evidence to
19  corroborate her contention that she tended payment in December 2009. Thus, even if the
20  economic loss doctrine did not operate to bar plaintiff's negligence claim, GMAC would still
21  be entitled to summary judgment. And plaintiff has not argued that defendant Executive
22  Trustee Services owed her any duty. Summary judgment is granted to both defendants on
23  the negligence claim.

24       Finally, defendants argue that plaintiff's quiet title claim fails because she has not
25  offered to pay the balance of her loan. In Arizona, quiet title is not available to a homeowner
26  until the loan debt is paid or offered to be paid. <u>Farrell v. West</u>, 57 Ariz. 490, 491, 114 P.2d
27  910, 911 (1941); <u>see also</u> <u>McIntosh v. IndyMac Bank, FSB</u>, CV-11-1805-PHX-GMS, 2012
28  WL 176316, at *4 (D. Ariz. Jan. 23, 2012) (quiet title remedy unavailable unless a

1 homeowner plaintiff has paid off or is willing and able to pay the full amount of the
2 mortgage). Plaintiff does not dispute defendants' argument, and there is no evidence that
3 plaintiff paid off or is able to pay off her loan. We grant summary judgment to defendants
4 on the quiet title claim.

**IV**

6 Plaintiff asks to amend her complaint if we grant defendants' motion. Our Rule 16
7 scheduling order set a deadline of September 16, 2011 for motions to amend the complaint
8 (doc. 18). Five months have passed since that deadline, the dispositive motion deadline has
9 passed, and a firm trial date is set for June 19, 2012. Amending the complaint at this late
10 juncture would require a modification of the scheduling order. Scheduling orders "may be
11 modified only for good cause." Fed. R. Civ. P. 16(b)(4). Plaintiff has not shown any cause,
12 let alone good cause, to modify the scheduling order. Plaintiff's request to amend her
13 complaint is denied.

14 **IT IS ORDERED DENYING** defendants' motion to strike (doc. 34).

15 **IT IS ORDERED GRANTING** defendants' motion for summary judgment (doc. 26).
16 The Clerk shall enter judgment.

17 DATED this 9th day of March, 2012.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge